19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMERICAN EXPRESS BANK, LTD., Plaintiff-counter-defendant-Appellee,
v.
Mohammed Hassan Haeri FOUMANI, Defendant-counter-claimant-Appellant
 No. 93-55146.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammed Hassan Haeri Foumani appeals the district court's order enforcing a settlement agreement between Foumani and American Express Bank, Ltd. (AMEX). Foumani contends the district court erred by enforcing the settlement agreement because a condition precedent to the agreement, Foumani's selection of a bondable guarantor, had not been satisfied. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's interpretation of a settlement agreement based upon the language of the contract. Petro-Ventures, Inc. v. Takessian, 967 F.2d 1337, 1340 (9th Cir.1992). To conserve judicial resources and limit costly litigation, we favor and encourage settlements. Ahern v. Central Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir.1988).
 
 
 4
 "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). Neither party disputes that California law governs here. When interpreting a settlement agreement, the court must consider all its terms as well as the circumstances and conduct surrounding execution of the agreement. In Re Marriage of Hasso, 229 Cal.App.3d 1174, 1180-81 (1991).
 
 
 5
 "A condition is an event which must occur or be excused before performance on a contract becomes due." Id. at 1181. Because conditions precedent are not favored, contractual provisions will not be construed as conditions precedent unless the language of the agreement plainly requires such an interpretation. Id.; see also Helzel v. Superior Court, 123 Cal.App.3d 652, 663 (1981) (agreement strictly construed against party asserting condition precedent); accord Lockwood v. Wolf Corp., 629 F.2d 603, 610 (9th Cir.1980) ("Courts are especially loath to find a condition precedent when the alleged condition is peculiarly within the control of one of the contracting parties.").
 
 
 6
 Here, on March 21, 1991, AMEX accidentally credited Foumani's account with $210,000 instead of $10,000. Foumani withdrew the funds and refused to return the money to AMEX. On April 22, 1991, AMEX filed suit against Foumani to recover the funds and Foumani counterclaimed for indemnity. The parties reached a settlement agreement which was read into the record before the district court on March 9, 1993. Foumani agreed to repay AMEX $150,000 over a 36-month period in exchange for dismissal of the litigation. In the event of his default, Foumani also agreed to entry of stipulated judgment. Under the agreement, Foumani was also to select an acceptable guarantor. If Foumani failed to do so, AMEX reserved the right to return the case to the trial calendar.
 
 
 7
 The district court ascertained that Foumani understood the terms of the agreement, that he agreed to the terms, and that he understood the agreement was final. The district court then dismissed the action without prejudice, retaining jurisdiction to ensure Foumani's full performance.
 
 
 8
 Foumani never executed the written settlement agreement or tendered the initial payment. Although Foumani selected a guarantor, the person selected failed to provide adequate financial information from which AMEX could determine whether to accept him as guarantor. AMEX repeatedly contacted Foumani's attorney without success regarding the initial payment, the guarantor, and the written settlement documents. In October 1992, AMEX moved to enforce the settlement agreement and to have judgment entered against Foumani. Foumani opposed the motion on the grounds that obtaining an acceptable guarantor was a condition precedent to his obligation to pay. The district court entered judgment against Foumani under the terms of the settlement agreement.
 
 
 9
 Construing the terms of the settlement agreement, we agree with the district court that there is no basis for construing the guarantee provision as a condition precedent. The guarantee provision of the agreement provided as follows:
 
 
 10
 The settlement will be secured by a guarantee executed by an acceptable co-guarantor: In addition, that guarantor must be bondable. As a contingency of this settlement if the creditworthiness of the guarantor is not acceptable to American Express, ...
 
 
 11
 And/or if a bond in the full amount owed by Foumani cannot be obtained upon the guarantor, American Express may declare the settlement void, and immediately take whatever steps are necessary to place the case back on calendar before Judge Davies. American Express will, at its option, obtain a bond on the guarantor.
 
 
 12
 The guarantee clause does not state that the settlement agreement is "subject to" or "conditioned on" the bondable guarantor provision, see Hasso, 229 Cal.App.3d at 1181, it merely affords AMEX a remedy in the event Foumani fails to select an acceptable guarantor. By using the term "may," the agreement assigned AMEX two options if Foumani failed to provide an acceptable guarantor: voiding the settlement agreement or proceeding under the settlement agreement.[1]
 
 
 13
 Given the nature of the litigation and the settlement, it is clear the guarantee provision was included to protect AMEX in the event of Foumani's default. Foumani's performance, therefore, was not conditioned upon providing an acceptable guarantor. See id. Moreover, we decline to construe the guarantee provision as a condition precedent because selecting a guarantor is entirely within Foumani's control. See Lockwood, 629 F.2d at 610.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is consistent with settlement law in general. See Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir.1987) (when one party breaches settlement agreement, other party may enforce agreement or sue on original claims)